*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DMF

| | |
|---|---|
| BRANDIE SMITH, | UNPUBLISHED |
| | March 14, 2024 |
| Petitioner-Appellee, | |
| | |
| v | No. 367994 |
| | Branch Probate Court |
| DMF, | LC No. 00-030956-MI |
| | |
| Respondent-Appellant. | |

Before: SWARTZLE, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Respondent appeals by right the probate court's initial order after hearing on petition for mental-health treatment. Respondent argues on appeal that the probate court erroneously granted the order because insufficient evidence failed to establish that respondent did not understand her need for treatment or that respondent was not a voluntary participant in her treatment. Respondent maintains that the probate court erroneously determined that she required treatment. For the reasons stated in this opinion, we affirm the probate court's order granting the petition for initial mental-health treatment.

## I. RELEVANT FACTS AND PROCEEDINGS

A clinical social worker filed a petition for the initial mental-health treatment of respondent supported by two clinical certificates. The trial court scheduled a hearing but before the hearing respondent agreed to accept treatment. Shortly after, however, a registered nurse demanded a hearing because respondent refused to accept the prescribed treatment. At the hearing, petitioner testified that she served as respondent's social worker and that she initially filed the petition because respondent suffered from "mental health concerns" and "delusions." The social worker testified that respondent reported that she had been sexually assaulted and that the sheriff's department recorded and listened to her via satellite. The social worker emphasized that respondent failed to comply with taking her prescribed medications.

A psychiatrist testified that respondent was a former patient and that he evaluated respondent for the petition. The psychiatrist explained that respondent suffered from "schizo-

affective disorder bipolar type," a "mental illness." The psychiatrist provided detailed testimony regarding respondent's reported delusions and explained that respondent was not doing well requiring use of other medication or an increased dosage of the medications that she was already taking. Respondent, however, refused to comply with any medication changes and would get "really very upset." The psychiatrist maintained that respondent was "not well" and was "not able to take care of herself," and expressed concerns for respondent's ability to manage daily life. Further, the psychiatrist explained that respondent's home was "not livable" and that she would have to go to adult foster care or alternative housing upon release. He testified further that respondent took the previously prescribed dosage but respondent remained "very ill."

Respondent testified that she did not need an order for mental-health treatment. Respondent testified that she would only take her previously prescribed medications. Respondent stated that she would not take Ativan because of the addictive characteristics of the medication and her alcohol addiction recovery. Further, respondent testified that she would not take Zyprexa because she was taken off the medication "after being sodomized and raped and burned in the crotch and beaten in the face." She explained that "they have pictures" of her assault since her birth and that "[t]hey were shown at Century Bank," and to her spouse. Respondent testified that she was "not delusional" but had "been traumatized."

Respondent explained that she contacted a private psychiatrist and that she planned to move to Indiana with her daughter. Respondent testified regarding the name of her proposed doctor, the office address, and the office phone number. Further, respondent testified regarding a private bus that would be her transportation to and from her appointments. Respondent explained that she had an intake appointment scheduled and stated: "I'm very well aware of all the abuse that has gone on. I'm aware my daughter knows about it, and it has caused her many anxiety moments."

The probate court determined that clear and convincing evidence established that respondent "clearly suffers from mental illness, that being schizoaffective disorder, bipolar type" that impaired her judgment and understanding causing a deterioration in her condition presenting a substantial risk of harm to her. The probate court ordered respondent to undergo initial mental-health treatment consisting of a maximum of 60 days of hospitalization and 180 days of assisted outpatient treatment. Respondent now appeals.

## II. STANDARD OF REVIEW

We review a probate court's dispositional decisions for an abuse of discretion. *In re Tchakarova*, 328 Mich App 172, 182; 936 NW2d 863 (2019). A court abuses its discretion if its decision "falls outside of the range of reasonable and principled outcomes." *In re Conservatorship of Brody*, 321 Mich App 332, 336; 909 NW2d 849 (2017) (quotation marks and citation omitted). This Court reviews a probate court's factual findings for clear error. *In re Tchakarova*, 328 Mich App at 182. A court's findings are clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake was made. *In re Bibi Guardianship*, 315 Mich App 323, 329; 890 NW2d 387 (2016).

## III. ANALYSIS

Proceedings seeking an order of involuntary mental-health treatment under the Mental Health Code, MCL 330.1001 *et seq.*, for an individual because of mental illness generally are referred to as civil-commitment proceedings. *In re Portus*, 325 Mich App 374, 382; 926 NW2d 33 (2018). The specific procedures for obtaining orders of hospitalization or other forms of treatment because of a person's mental illness are contained in various provisions of Chapter 4 of the Mental Health Code, MCL 330.1400 *et seq*. *Id*. Any adult may initiate civil-commitment proceedings by petitioning a probate court to find that an individual is a "person requiring treatment" under the Mental Health Code. MCL 330.1434(1). MCL 330.1401(1) provides, in relevant part, that the phrase "person requiring treatment" means:

> (c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others.

A respondent need only qualify as a "person requiring treatment" under one subdivision of MCL 330.1401(1) to support a probate court's order for mental-health treatment. "Mental illness" is a "substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g). A judge or jury must find that an individual is a person who requires treatment by clear and convincing evidence. MCL 330.1465. In *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (quotation marks and citation omitted), this Court explained that clear and convincing evidence

> produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

In this case, the probate court found respondent a person with mental illness with impaired judgment and lack of understanding of the need for treatment and unwillingness to voluntarily participate and adhere to necessary treatment to prevent harmful deterioration and presented a substantial risk of harm to herself, as defined under MCL 330.1401(1)(c). The record reflects that testimonies of both the social worker and psychiatrist established respondent's mental illness and strong opposition to needed medication. The social worker testified regarding respondent's history of delusions and how they persisted up to the time of the hearing. Further, the social worker testified regarding respondent's refusal to take her medications despite respondent's previous agreement to comply with the new medication regimen. The psychiatrist testified regarding respondent's "schizo-affective disorder bipolar type" diagnosis and explained respondent's treatment history. The psychiatrist explained how her delusions and thoughts were increasingly "occupied with strange experiences" and that her serious mental illness impacted her ability to

function in her daily life. Further, the psychiatrist stated that respondent refused to alter her medication regimen and that she would not be able to adequately and safely function if her medications were not changed.

The witnesses' testimonies established the facts alleged in the petition and stated in the clinical certificates submitted to the probate court. The petition noted that respondent had delusions that people were coming into her home and injecting her with substances, sodomizing her, and that the sheriff's department watched her through hospital cameras. Other reported delusions included respondent's belief that aliens raped her and that the Michigan militia shot at her. The clinical certificates noted several instances of respondent's delusional behavior and how respondent's delusions occupied her thoughts. Further, the clinical certificates noted that respondent was likely to injure herself by refusing to take her medications and that she was not sleeping.

Respondent denied being delusional. She claimed to be traumatized and failed to acknowledge that she suffered from mental illness. She testified that she would adequately seek treatment with a private out-of-state facility. Respondent also testified that she would continue taking her previously prescribed medications but refused to alter her medication regimen, rejecting increased dosage or prescription of other medications despite the clinical recommendations indicating the necessity for respondent's mental health.

The record reflects that the probate court considered the conflicting evidence to determine whether respondent understood her mental illness and respondent's willingness to comply with treatment. We defer to the probate court "on matters of credibility, and will give broad deference to findings made by the probate court because of its unique vantage point regarding witnesses, their testimony, and other influencing factors not readily available to the reviewing court." *In re Portus*, 325 Mich App at 397 (quotation marks and citation omitted). The probate court properly determined that the evidence established that respondent's noncompliance with treatment caused her condition to worsen because she refused proper medication. The record demonstrates that the probate court understood respondent's history of mental-health treatment and that respondent had gone back and forth between agreeing and disagreeing with her recent treatment plan. Despite her diagnosis and numerous reported delusions, respondent denied delusional thinking. She also refused to alter her medications despite the evidence that her condition had worsened, impacting respondent's ability to live her daily life. The record supports the probate court's conclusion that, without proper treatment, respondent risked harm to herself.

The probate court correctly determined that clear and convincing evidence established respondent's noncompliance and the present and future consequences of her noncompliance which made her a "person requiring treatment" as defined under MCL 330.1401(1)(c). The probate court did not err by ruling that respondent is impaired by a mental illness and requires mental-health

treatment and properly ordered her hospitalization and treatment. Respondent, therefore, is not entitled to relief.

Affirmed.

/s/ Brock A. Swartzle
/s/ James Robert Redford
/s/ Christopher P. Yates